35 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernardo VALENCIA, Defendant-Appellant.
 No. 93-50653.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1994.*
Decided Aug. 30, 1994.
 
 Before: D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernardo Valencia appeals his conviction of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 846 and 841. The district court reinstated the conviction after we vacated it and remanded for the purpose of permitting that court to determine whether several documents withheld by the government contained exculpatory material. Valencia argues that reversal is required because upon remand he was again improperly denied access to government documents that he speculates may contain information about possible attempts by John Arman, a government informant, to influence other defendants to sell him drugs. We affirm the district court.
 
 
 3
 Valencia first contends that the government failed to disclose information about Arman's previous conduct that is contained in files that he alleges were secreted by the FBI. This argument is without merit. The government denies the existence of any FBI files on Arman and states that Arman never worked as an informant for the FBI. Nothing in the record indicates otherwise; in fact, Valencia did not advance this argument at trial or on remand, and he has failed to offer any specific evidence that any secret files exist. In short, Valencia's first argument, even if timely, amounts to nothing more than unsupported speculation. See United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir.1986), cert. denied, 479 U.S. 1038 (1987) (court not required to conduct in camera search of government files for favorable material based on defendant's speculation).
 
 
 4
 Valencia also requests that we conduct an independent in camera review of Arman's DEA file to ascertain if it contains "any information which demonstrates the informant's willingness or ability to induce an unwilling target to participate in drug activity." We decline to do so. At trial, Valencia was provided with access to several government documents regarding Arman, including records of all payments made to Arman in Valencia's case and in other cases by the DEA, his prior record, his plea agreement, and records of prior uncharged conduct. The only substantive information in the DEA file not provided to Valencia at trial was the case reports from other investigations in which Arman was employed as an informant. Valencia offers no specific argument regarding why the district court's general in camera review of these documents for exculpatory information is insufficient--indeed, he fails even to explain why, given the strength of the government's case against him, the evidence he seeks would be deemed material and therefore subject to disclosure under Brady v. Maryland, 373 U.S. 83, 87 (1963). See United States v. Bagley, 473 U.S. 667, 683 (1985) (evidence withheld by government is material only if there is reasonable probability that, had evidence been disclosed to defense, result of proceeding would have been different).
 
 
 5
 The jury already had ample information about Arman's motives to involve Valencia in a drug deal. Valencia testified that Arman had asked him 50 or 60 times to help him set up a cocaine deal and that Arman had taken advantage of their friendship; the government did not contest this testimony. The jury was also informed that Arman was paid a sum of money for each drug buy he set up, some of which was paid as a bonus based on the amount of drugs seized. The jury knew that the DEA had paid Arman $137,563 over a two-year period. The jury also knew that Arman was an experienced drug dealer with numerous prior felony arrests, charges and convictions.
 
 
 6
 Valencia was convicted because the jury did not believe his contention that he had long-abandoned the drug trade. This was not surprising, because the jury heard Valencia boast on audio and videotape about his years in the cocaine business, about a recent transaction he had arranged in San Francisco involving two kilograms of cocaine, and about his plans to arrange future deals. Further, on cross-examination, Valencia admitted that he decided "on his own" to help Arman arrange a deal because he needed the money.
 
 
 7
 In sum, given the overwhelming evidence that Valencia participated voluntarily in the drug transaction, there is no reasonable probability that, even if evidence were found that defendants in other cases had been improperly induced to sell drugs by Arman, the results of Valencia's trial would have been any different. See Brady, 373 U.S. at 87. Accordingly, an additional in camera inspection of the DEA files is not warranted.
 
 The judgment of the district court is
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3